

EASTERN DISTRICT of KENTUCKY
TENDERED
DATE 10-22-14
ROBERT R. CARR
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
**FILED**
APR 23 2015
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 6:14-CR-5-GFVT**

UNITED STATES OF AMERICA                                                                                     PLAINTIFF

V.                                               **PLEA AGREEMENT**

CHASE DOWNEY                                                                                                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1791(a)(2), possession of a prohibited object (methamphetamine) by a federal inmate.

2. The essential elements of Count 1 are:

    (a) the defendant was a federal inmate at the time charged in the Indictment;

    (b) the defendant knowingly possessed a prohibited object; and

    (c) the prohibited object was a substance containing methamphetamine.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Defendant Chase Downey and co-defendant Tabarus Holland were federal inmates incarcerated at U.S.P. McCreary, in the Eastern District of Kentucky on or about August 3, 2013. Officials received word that Downey would be receiving drugs through the visitation room that day.

    (b)    Later that day, officials observed Downey receive a visitor in the visitation room. The visitor was listed as his grandmother, Rebecca Hutchinson. Officials observed Downey sit near co-defendants Tabarus Holland and Pamela Michelle Bennett and interact with them. Bennett was listed as a visitor for Holland. Bennett purchased a tray of chicken wings from the vending area, placed balloons of contraband in with them, and transferred the tray to Holland. Holland traded-out the tray of wings with another tray, signaled to Downey and then Downey consumed the balloons of contraband mixed in with the wings. Downey was taken into a "dry cell" where he was under constant surveillance until he passed the balloons of contraband. The balloons were recovered and testing by the Kentucky State Police Laboratory confirmed that they contained 12.255 grams of substance containing methamphetamine.

    (c)    After Bennett, Holland and Downey were Mirandized, they gave statements. Bennett acknowledged transferring two balloons to Downey in the visitation room and that Holland had set-up the transfer. The cost of her trip to U.S.P. McCreary from Virginia was funded by another inmate. Downey acknowledged that he was recruited by Holland to "catch" drugs in the visitation room for Holland in exchange for money.

4. The statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $250,000.00, and a term of supervised release of not more than 3 years. Any term of imprisonment imposed must be served consecutive to the current term the Defendant is serving pursuant to 18 U.S.C. § 1791(c). A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), in effect at the time of sentencing, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 2P1.2(a)(2), the base offense level is 13 because the prohibited object contained methamphetamine.

(c) Pursuant to U.S.S.G. § 2P1.2(c)(1), U.S.S.G §2D1.1 applies because the object of the offense was the distribution of a controlled substance.

(d) For purposes of calculating drug quantity pursuant to U.S.S.G. § 2D1.1(a)(5), the offense involved at least 10 grams but less than 20 grams of a substance containing methamphetamine.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Restitution is not an issue.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The United States will not seek an increase in the Defendant's offense level pursuant to U.S.S.G. Chapter 3.

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the

3

Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 10/22/14    By: _____
Thomas Lee Gentry
Assistant United States Attorney

Date: 10/22/14    _____
Chase Downey
Defendant

Date: 10/22/14    _____
Eric S. Edwards
Attorney for Defendant

APPROVED, this 23d day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE

5